[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes to this court as a civil action. The court finds the following facts:
1. The defendant Paul R. Lorant owned and still owns a certain parcel of real estate known as 43 West Brother Drive, Greenwich, Connecticut.
2. The plaintiff, MJM Landscaping, Inc. furnished materials and rendered labor in the construction and the improvements to the property under an agreement by or with the consent of the defendant on August 14, 1998 which was introduced as Exhibit B at the trial for a new septic system.
3. The plaintiff commenced the performance of its work on or about August 25, 1998 and completed it on or about September 30, 1998.
4. Exhibit I, a full exhibit, shows that the balance for labor and materials is $29,800 and remains unpaid despite demand.
5. A mechanics' lien was filed on the land records of the Town of Greenwich on December 22nd. See full Exhibit L.
6. The defendants' answer and special defense and counterclaim were filed on December 3, 1999 in Pleading #109. The counterclaim was withdrawn in open court on December 20, 2001. The court finds that the special defense alleging failure to comply with the Home Improvement Act § 20-420 of the General Statutes has not been proven by a fair preponderance of the evidence.
7. The plaintiff filed a reply, special defense and replied to the special defense in Pleading #120 filed February 14, 2001. The court finds that the plaintiff has failed to prove by a fair preponderance of the evidence the special defenses set forth therein.
8. The firm overseeing the project was Greenwich Design and Build. (Lorant transcript pp. 15 and 16)
9. The plaintiff was solicited by Greenwich Design and Build to install a new septic system. (Bastias testimony)
10. Greenwich Design and Build recommended the plaintiff to the CT Page 2952 defendant. (Lorant transcript p. 16; plaintiff's Exhibit 0)
11. The plaintiff submitted a proposal to Greenwich Design and Build and at their request transmitted it to the defendant for execution and request for payment. (Bastias testimony; Lorant transcript p. 17; plaintiff's Exhibits A, B and C)
12. All of the defendant's discussions regarding the project were with Greenwich Design and Build until after plaintiff's selection as septic installer. (Lorant transcript pp. 19-21)
13. The defendant had acknowledged several times the extreme urgency of his situation and demanded work commence immediately. (Testimony of Bastias, D'Andrea and plaintiff's Exhibits N, O, Q, R, S, T, U)
14. The plaintiff commenced work immediately at the request of the defendant made in his first discussion with Mr. Bastias. (Bastias testimony)
15. The plaintiff's work was supervised by Greenwich Design and Build. (Testimony of Bastias and D'Andrea)
16. The plaintiff completed its work and constructed the septic system in accordance with the design. (Testimony of Bastias and D'Andrea)
17. All required municipal approvals were obtained. (Bastias testimony and plaintiff's Exhibits G, H, J)
18. The defendant has acknowledged his awareness of the pre-existing condition at the subject premises, unrelated to the operation of the septic system, which forms the basis of his refusal to pay plaintiff the balance due. (Lorant transcript pp. 102 through 108; plaintiff's Exhibit V)
19. Despite his repeated threats to do so, the defendant never hired another construction company to do any remedial work. (Lorant transcript p. 115; defendant's Exhibits 12, 13, 21)
20. The defendant failed to visit the construction site to inspect the plaintiff's work. (Testimony of Bastias and D'Andrea; Lorant transcript pp. 133, 134)
21. The defendant requested additional work and assured payment in a letter dated September 16, 1998. (plaintiff's Exhibit F also admitted as defendant's Exhibit 4) CT Page 2953
22. In a letter to Adam Ross of Greenwich Design and Build dated November 11, 1998, the defendant requested approvai from the Town of Greenwich, thus confirming that the work had been completed to his satisfaction, and assured that payment would be sent promptly. (defendant's Exhibit 7)
23. Mr. Bastias and Mr. D'Andrea testified that the plaintiff provided labor and materials in the replacement of the septic system.
The court finds that the plaintiff was a subcontractor as defined inMeadows v. Higgins, et al, 294 Conn. 155 (1999). That case holds that a subcontractor is not subject to the Home Improvement Act.
This court finds that the plaintiff was subcontractor of Greenwich Design and Build. The court does not reach the issue of the defendant acting in bad faith based on the ruling on the subcontractor issue, nor does the court reach the issue of waiver.
The plaintiff has proven the allegations of its complaint.
Accordingly, the court enters the following orders.
1. The debt owed to plaintiff for services rendered and materials furnished to the real estate owned by defendant Paul R. Lorant is $29,800.00;
2. Interest at the rate of twelve percent per annum, in accordance with C.G.S. Section 52-192a from September 30, 1999 on the amount set forth in plaintiff's Offer of Judgment of February 9, 2001, a date within 18 months of September 30, 1999; $8,642.00 plus attorney's fees not to exceed $350.00;
3. Costs of this action in the amount of $679.05 as set forth in plaintiff's Bill of Costs;
4. Judgment of Strict Foreclosure shall enter in favor of plaintiff of its Mechanic's Lien with a law day of April 4, 2002;
A hearing will be held on the claimed attorneys' fees on March 26, 2002 at 2:00 p.m. pursuant to C.G.S. Section 52-249 in the amount of $9,250.00 as set forth in the plaintiff's counsel's Affidavit of Fees.
KARAZIN, JUDGE.